IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                        Case No.  3:11cr13/MCR

TERRY D. WOLFE,

    Defendant.
_____/

**<u>SENTENCING MEMORANDUM</u>**

In determining the applicable guideline provision for Count 2, the probation officer, Charles P. Cunningham, applied §2D1.11.  This guideline provision calculates the amount of methamphetamine precursor chemicals obtained for the production of methamphetamine during the conspiracy, whereas §2D1.1 calculates the amount of methamphetamine produced during the conspiracy.  As explained in paragraph 122 of the Presentence Report, Mr. Cunningham applied the offense guideline that produced the highest offense level, as suggested by the sentencing guidelines.

Pursuant to the pharmacy logs, it was determined that, over the course of the conspiracy, this defendant should be held responsible for at least 300 grams of pseudoephedrine, but less than one kilogram of pseudoephedrine.  Overall, the conspiracy produced 1.032 to 1.548 kilograms of methamphetamine, of which this defendant would likely be held accountable for between 200 grams and 350 grams of methamphetamine, a

level 28 offense. This estimate is based on the finding that the defendant should be held responsible for no more than 2/5 of the overall pseudoephedrine (2.469 kilograms of pseudoephedrine, with the defendant being responsible for no more than 1 kilogram) that was used to manufacture the methamphetamine (1.032/5 = 206.4; 1.548/5 = 309.6). Pursuant to §2D1.1, the base offense level for the amount of methamphetamine manufactured and distributed is Level 28. However, pursuant to 2D1.11, the base offense level for the amount of methamphetamine precursor chemicals obtained (pseudoephedrine) is Level 34. Effectively, this equates to a six level bump in the guideline range.

Using a base offense level of 34, adding two levels for an unlawful discharge, and subtracting three levels for acceptance of responsibility, results in a final offense level of 33 with a criminal history category of I, and a guideline range of 135 to 168 months. Using a base offense level of 28 adding two levels for an unlawful discharge, and subtracting three levels for acceptance of responsibility, results in a final offense level of 27 with a criminal history category of I, and a guideline range of 70 - 87 months. The disparity in these numbers is similar to the disparity that used to result in a crack cocaine versus powder cocaine case. Surely, the disparity produced in this case was not intended by the Sentencing Commission, and, given the opportunity, it is believed that the Sentencing Commission might recognize the disparity and re-evaluate the guidelines in light of the disparity.

Thus, it is Mr. Wolfe's contention that the unjustifiably harsh treatment of the

disparity between the amount of the precursor chemicals possessed and the amount of methamphetamine produced with the precursor chemicals in the Sentencing Guidelines calculations justifies a sentence based on the lower calculation of the Sentencing Guidelines range (70 - 87 months). Mr. Wolfe respectfully requests the Court to consider imposing such a sentence in light of his cooperation with the Government.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been provided to David Goldberg, Assistant United States Attorney, 21 E. Garden Street, Suite 400, Pensacola, FL 32502, via electronic filing, this 31st day of May, 2011.

/s/ Michelle L. Hendrix
MICHELLE L. HENDRIX
Florida Bar No. 0172510
Vernis & Bowling of Northwest Florida, P.A.
315 South Palafox Street
Pensacola, FL 32502
Telephone (850) 433-5461
Fax (850) 433-0420